UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY L. HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03017-JPH-DML |
| ) | |
| FAYETTE SUPERIOR COURT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**I.  Granting *in forma pauperis* status**

Mr. Hines' motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**. *See* 28 U.S.C. § 1915(a). While *in forma pauperis* status allows Mr. Hines to proceed without prepaying the filing fee, he remains liable for the full fees. *Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.") (emphasis in original). No payment is due at this time.

**II.  Screening**

**A.  Screening standard**

The Court has the inherent authority to screen Mr. Hines' complaint. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The Court may dismiss claims within a

1

complaint that fail to state a claim upon which relief may be granted. *See id.* In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. Complaint

Mr. Hines alleges that the Fayette Superior Court never recorded 2006 state proceedings concerning his operator's license and claims that "they were hiding it for some reason." Dkt. 1 at 2, 5. Based on this conduct, he brings a 42 U.S.C. § 1983 claim alleging "discrimination" because the Fayette Superior Court "didn't go by Indiana Law" and "broke Rule 25 and the time limitations of Indiana law." *Id.* at 2. He seeks $75,000 "for having [his] driver[']s license being taken against [his] will." *Id.* at 6.

### C. Analysis

Mr. Hines unsuccessfully brought similar claims in *Hines v. Fayette County Superior Court*, No. 1:20-cv-02240-TWP-MJD (S.D. Ind. Nov. 2, 2020), which Judge Pratt dismissed. These claims face the same fate.

"[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)). Here, the Fayette County Superior Court "is a division of the State of Indiana, so [Mr. Hines'] suit is one against Indiana itself." *See King v. Marion Circuit Court*, 868 F.3d 589, 591 (7th Cir. 2017). Therefore, because Mr. Hines' has not sued a "person" under 42 U.S.C. § 1983, he has not brought a plausible federal claim and his complaint must be dismissed. *See Iqbal*, 556 U.S. at 678.

Mr. Hines shall have through **December 21, 2020** to show cause why judgment consistent with this entry should not issue. *See Thomas v. Butts*, 745 F.3d 309, 313 (7th Cir. 2014) (Court must "first fir[e] a warning shot" before dismissing a complaint).

**SO ORDERED.**

Date: 11/19/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

BRADLEY L. HINES
611 W. 29th St.
Connersville, IN 47331