UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY L. HINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-03017-JPH-DML |
| ) | |
| FAYETTE SUPERIOR COURT, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTIONS**

**I.     Denying Motion for Redaction of Personal Identifiers**

Plaintiff Bradley Hines has filed a motion requesting the "Clerks Office [to] open a miscellaneous case so that an omnibus motion to redact personal identifiers may be filed." Dkt. [11]. Mr. Hines has not identified any personal identifiers that require redaction. *See id.* This motion is therefore **DENIED**. Mr. Hines may file a motion in each appropriate case specifying what needs redacted. *See* Fed. R. Civ. P. 5.2.

**II.     Denying Request to Proceed on Appeal *In Forma Pauperis***

Mr. Hines also seeks leave to proceed on appeal without prepaying the appellate fees. Dkt. [12]. However, an appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). "Good faith" in the context of § 1915(a)(3), refers to the "more common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim." *Lee v. Clinton*, 209 F.3d 1025,

1

1026 (7th Cir. 2000). In other words, § 1915(a)(3)'s "good faith" determination is not about the plaintiff's sincerity in requesting appellate review. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). A sincere litigant still lacks objective "good faith" under § 1915(a)(3) if his claim is one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026.

Under this standard, Mr. Hines' request to appeal *in forma pauperis* must be denied. He seeks to appeal the Court's judgment dismissing his case for failure to state a claim. *See* dkt. 12; dkt. 4; dkt. 8. But Mr. Hines has not pleaded facts that could support a claim because Defendant Fayette County Superior Court, as a division of the State of Indiana, is not a "person" subject to suit under 42 U.S.C. § 1983. *See* dkt. 4 at 3; dkt. 8. Therefore, after screening and offering Mr. Hines an opportunity to respond, the Court appropriately dismissed this case. *See, e.g.*, *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 776 F. App'x 373, 374 (7th Cir. 2019) (affirming dismissal after district court gave plaintiff "an opportunity to explain why it should not dismiss for failure to state a claim"). There is no objectively reasonable argument that Mr. Hines' proposed appeal has merit, so this appeal is not taken in "good faith," and the motion for leave to proceed on appeal *in forma pauperis*, dkt. [12], is **DENIED.**

The Court notes that Mr. Hines has not filed a notice of appeal. If Mr. Hines wishes to appeal his case, he must comply with the Federal Rules of Appellate Procedure, including Rule 3(a)(1) requiring him to "fil[e] a notice of

appeal with the district clerk within the time allowed by Rule 4."

**SO ORDERED.**

Date: 1/12/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY L. HINES
611 W. 29th St.
Connersville, IN 47331